**Zheng Huan GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

**No. 02–4740.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2005.

Bruno Joseph Bembi, Hempstead, New York (on submission), for Petitioner.

Carolyn M. Piccotti, Office of Immigration Litigation, Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division and Linda S. Wernery, Senior Litigation Counsel, on the brief) (on submission), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Zheng Huan Gao ("Gao"), a citizen of the People's Republic of China, appeals from an order of the Board of Immigration Appeals ("BIA") entered on October 30, 2002, summarily affirming a July 18, 2000 oral decision of the Immigration Judge ("IJ"). The IJ rejected Gao's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. Furthermore, the IJ directed Gao's removal from the United States.

We assume familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum and CAT claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

The IJ's findings with respect to Gao's asylum and withholding of removal claims are supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.2003) (per curiam); *see also Zhang v. INS*, 386 F.3d 66, 71 (2d Cir. 2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Likewise, the IJ's CAT determination satisfied the substantial evidence standard. *See Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Gao's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED.